# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2013

No. 12-10360

Lyle W. Cayce
Clerk

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Plaintiff-Appellee

COWBOY ATHLETICS INCORPORATED; T. BOONE PICKENS,

Defendants–Third Party
Plaintiffs–Appellants

v.

MANAGEMENT COMPENSATION GROUP•LEE INCORPORATED; JOHN
RIDINGS LEE; JOHN RIDINGS LEE COMPANY INCORPORATED;
JAMES GLENN TURNER, JR.; LARRY KEITH ANDERS; SUMMIT
ALLIANCE FINANCIAL, L.L.P.,

Third Party Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-cv-00173

Before STEWART, Chief Judge, and SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Cowboy Athletics Incorporated, a charitable organization benefiting
Oklahoma State University ("OSU"), and T. Boone Pickens, a Cowboy board

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

member and supporter (collectively, "Cowboy"), purchased $10-million-dollar life insurance policies on each of twenty-seven OSU alumni. Plaintiff–Appellee Lincoln National Life Insurance Company ("Lincoln") underwrote the policies, which the Third Party Defendants–Appellees, as independent insurance agents, marketed to Cowboy as an investment program by claiming the ability to select individual insureds who were likely to die in a pattern that would beat the actuarial tables. After two years passed without the occurrence of any insureds' deaths, Cowboy became dissatisfied with the program's lack of profitability, and the instant litigation ensued. The district court dismissed all of Cowboy's claims on summary judgment. We affirm for essentially the reasons set forth by the district court.

Cowboy waived its rights with respect to its breach of contract claims. Oklahoma grants life insurance policyholders a "free-look" period of ten days following receipt of the policy during which to read and, if dissatisfied, rescind the policy.[1] Cowboy knowingly and voluntarily relinquished its free-look rights by (1) declining physical delivery of the policies in favor of allowing the independent agents to retain custody, (2) misleading Lincoln as to that fact by signing and returning receipts of delivery to Lincoln, and (3) enjoying coverage—and the potential of receiving proceeds—for two years following the issuance of its policies by Lincoln.[2]

With respect to fraud, the record reveals no triable misrepresentations. As a matter of Oklahoma law, representations about future events cannot support claims of actionable fraud.[3] A fraud claim also fails if the aggrieved

---

[1] Ok. Stat. tit. 36, § 4003.1(A).

[2] *See Guardian Life Ins. Co. of Am. v. U.S. Tower Servs., Ltd.*, 714 A.2d 204, 210-11 (Md. Ct. Spec. App. 1998).

[3] *See Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989).

No. 12-10360

party "could have ascertained the truth with reasonable diligence."[4]  This was not Cowboy's first rodeo.  The undisputed record establishes that both the Appellees' disclosures and Cowboy's own due diligence apprised it of the inherent risks and assumptions underlying the investment program.  To the extent that Cowboy hangs its hat on "doctored" life expectancy numbers or other purported misrepresentations of present fact, the record evidence is woefully insufficient to support Cowboy's suggested inferences.[5]

The judgment of the district court is AFFIRMED.

---

[4] *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1282 (N.D. Okla. 2006).

[5] We also affirm in favor of Lincoln on the independent basis that Lincoln made none of the purported misrepresentations and is not vicariously liable, even under Okla. Stat. tit. 36, § 1435.3(A), for the fraud of independent insurance agents like Appellees.  *See Nat'l Life & Accident Ins. Co. v. Cudjo*, 304 P.2d 322, 325 (Okla. 1956).